**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Roman Ilyayev, individually and on behalf of all others
similarly situated,

                             Plaintiff,

      -v.-

Portfolio Recovery Associates, LLC.

                    Defendants.

Civil Action No: 1:20-cv-4944

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Roman Ilyayev (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Horowitz Law, PLLC, against Defendant Portfolio Recovery Associates, LLC (hereinafter "PRA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.    Congress enacted the Fair Debt Collection Practices Act ("the FDCPA') in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Queens.

8.      Defendant PRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 120 Corporate Blvd., Suite 100, Norfolk, Virginia 23502.

9.     Upon information and belief, Defendant PRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.    The Class consists of:

   a.   all individuals with addresses in the State of New York;

   b.   to whom Defendant PRA sent a collection letter attempting to collect a consumer debt;

   c.   that states that an account has been transferred to the litigation department;

   d.   implying that legal action would take place when in reality only local counsel would be able to file a lawsuit;

   e.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.    Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692f.

15.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b.   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the forms **attached as Exhibit A**, violate 15 § l692e and §1692f.

    c.   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d.   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent

class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## <u>FACTUAL ALLEGATIONS</u>

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.     Some time prior to October 15, 2019, an obligation was allegedly incurred to Capital One Bank (USA) N.A.

21.     The obligation arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes, specifically a Capital One Bank (USA) N.A. credit card used for these types of transactions.

22.     The alleged Capital One Bank (USA) N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23.     Capital One Bank (USA) N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24.     Capital One Bank (USA) N.A. or the current creditor at the time eventually sold the alleged debt to PRA who is the current creditor and debt collector.

25.     Defendant PRA collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*October 15, 2019 Collection Letter*

26.     On or about October 15, 2019, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to PRA.  See Letter attached as Exhibit A.

27.     The collection letter heading states:

## Account transferred to Litigation Department

28.     The Letter further states:

> **At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account.**

29.     The Letter then offers Plaintiff options to resolve the account but cautions:

> **Your first payment must be received NO LATER than: 12/02/2019.**

30.     Defendant's Letter advises that the account has been transferred to the Litigation Department.

31.     The implication here is that this particular account is ripe for litigation, i.e. the filing of a lawsuit by the litigation department of Defendant PRA.

32.     Defendant PRA is not a law firm and lacks the ability to file a lawsuit in New York.

33.     Defendant PRA would need to retain local counsel in New York to initiate any lawsuit on this account.

34.     Defendant's Letter advising Plaintiff to make the first payment  to PRA **NO LATER** than 12/02/2019.  This demand is meant to strike fear in the heart of Plaintiff in that if he does not comply by the stated date he will be sued.

35.     Defendant misleads and deceives Plaintiff into the belief that a lawsuit is imminent without Plaintiff's compliance or immediate payment of the account.

36.     Plaintiff became fearful that if he did pay the amount demanded in the Letter he would be sued.

37.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

### <u>COUNT I</u>
### <u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
### 15 U.S.C. §1692e *et seq.*

38.     Plaintiff incorporates by reference paragraphs 1-37 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

39.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41.     Defendant violated said section by:

    a.   Making a false and misleading representation in violation of but not limited to §1692e (10).

    b.   by giving Plaintiff the impression that PRA is a law firm who has the ability to initiate a lawsuit.

42.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

43.     Plaintiff incorporates by reference paragraphs 1-35 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

44.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

45.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

46.     Defendant violated this section by

    a.   Using the language of "Account Transferred to Litigation Department" that legal proceedings would occur.

    b.   by giving Plaintiff the impression that PRA is a law firm who has the ability to initiate a lawsuit.

47.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

48.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Roman Ilyayev, individually and on behalf of all others similarly situated, demands judgment from Defendant Portfolio Recovery Associates, LLC as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  October 14, 2020

**HOROWITZ LAW, PLLC**

*/s/ Uri Horowitz*
Uri Horowitz, Esq.
14441 70th Road
Flushing, NY 11367
Telephone: 718-705-8706
Fax: 718-705-8705
uri@horowitzlawpllc.com
*Attorneys for Plaintiff*